JUSTICE GRAY,
dissenting.
I respectfully dissent from the Court’s opinion. While purporting to recognize the right of individual privacy guaranteed by the Montana Constitution and that Constitution’s guaranteed right to be free from unreasonable searches, the Court significantly undermines those rights. Nor do I find support for the Court’s action in our earlier cases. Moreover, it is my view that none of those cases is inconsistent. Indeed, when read, applied and distinguished appropriately, those cases compel a reversal of the District Court’s denial of Pastos’motion to suppress evidence discovered during a routine inventory search of his rucksack at the jail following his arrest. I note first my general disagreement with the Court’s approach and then briefly address our earlier cases.
First, I disagree that a compelling state interest was actually established here. In addition, it is my opinion that the Court fails to *65 focus on the individual nature of the right to privacy under the Montana Constitution in addressing whether the compelling state interest it determines exists for intruding on this fundamental right is “closely tailored” to effect only that compelling state interest, as required by the United States Supreme Court’s Zablocki decision. My point is best illustrated by the Court’s anomalous conclusion that the individual right to privacy is not violated by a routine inventory search.
In this regard, the Court moves from the constitutionally guaranteed individual right to privacy to a conclusion that the routine inventory search is the most practical means of dealing with the problem it has identified as a compelling state interest. In other words, the individual right to privacy gives way to a “practical and routine” approach which takes into account neither the nature of the item being searched nor the nature of the reason for the arrest. I cannot understand how such a “practical” approach comports with either Zablocki’s “closely tailored” requirement or the fundamental rights guaranteed by the Montana Constitution.
More specifically, I disagree with the Court’s extensive reliance on Illinois v. Lafayette, a case and approach soundly — and properly — rejected by us in Sierra in favor of the Alaska Supreme Court’s ‘less-intrusive means” approach in Reeves. No suitable rationale is offered for this embrace of Lafayette, and no justification is offered for the Court’s retreat from our firm and repeated stance in refusing to march in lock-step with the United States Supreme Court where the Montana Constitution calls for more protection of individual rights than does the U.S. Constitution. See, e.g., Sierra, 692 P.2d at 1276; Sawyer, 571 P.2d at 1133. Lafayette addressed only the Fourth Amendment to the U.S. Constitution and, therefore, it is not appropriate authority regarding the enhanced constitutional rights the people of Montana have provided for themselves in the Montana Constitution.
Finally, I disagree with the Court’s view of the “apparent conflict” in our cases. An abbreviated synopsis of those cases will suffice to support my conclusion that they compel a reversal of the District Court here.
Our cases addressing inventory searches of an arrestee’s person and belongings maintain a consistent theme. All such cases differentiate between the search of an arrestee’s person and a search of the contents of separate and closed items merely being carried by the arrestee — such as luggage, a briefcase or a package. In this regard, *66 Sierra involved a closed suitcase being carried by the arrestee at the time of his arrest. We properly concluded that the inventory search of the suitcase constituted a prohibited intrusion into the arrestee’s right to privacy under the Montana Constitution. The facts of that case are nearly identical to those presently before us.
The subsequent Lamping, LaMere and Holzapfel decisions are not inconsistent with Sierra. All maintain the differentiation between inventory searches of the arrestee and inventory searches of items not found on the person of the arrestee. Lamping involved the search and seizure of a pack of cigarettes taken from the arrestee’s person. In upholding the search, we properly distinguished Sierra on the basis of the differentiation established therein.
Similarly, LaMere involved an inventory search of the arrestee’s person. The State asked this Court to reconsider Sierra; we did not do so. Again, as in Lamping, we properly distinguished Sierra based on the differentiation we had established in that case.
Finally, in Holzapfel, we relied on Lamping for the distinction between searches of an arrestee’s person and of other possessions not taken from the arrestee’s person to uphold the use of an ultraviolet light to examine the wallet taken from the arrestee’s person. We concluded that Holzapfel’s right to privacy had not been violated.
I conclude that our cases are not inconsistent. Because the case presently before us involves a search not of items on the arrestee’s person, but of a separate and closed possession of the kind before us in Sierra, I further conclude that the routine inventory search of Pastos’ rucksack violated his individual right to privacy in that any compelling state interest was not met by the least intrusive means available and was not closely tailored to meeting any such interest.
I would reverse the District Court’s denial of Pastos’ motion to suppress evidence and vacate the judgment finding him guilty of the offense charged.